| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| FESTIVAL RETAIL FUND 1 228 POST STREET, LP, a Delaware limited partnership; and POST STREET, LLC, a Delaware limited liability company | EUROHYPO AG, a German stock corporation aka EUROHYPO AG, NEW YORK BRANCH; POST INVESTORS LLC, a Delaware limited liability company; SQUARE MILE CAPITAL MANAGEMENT LLC, a Delaware limited liability company; FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation; and DOES 1 through 110, inclusive |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Stutman, Treister & Glatt Professional Corporation<br>Attn: Jeffrey C. Krause / H. Alexander Fisch<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br>Telephone: 310-228-5600 | Stein & Lubin LLP<br>Attn: Theodore Griffinger / Jonathan Sommer / Sean T. Strauss<br>600 Montgomery Street 14th Floor<br>San Francisco, CA 94111<br><br>Morrison & Foerster LLP<br>Attn: Gregory P. Dresser / Mark W. Poe / Daniel A. Zlatnik<br>425 Market Street<br>San Francisco, CA 94105 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**Complaint for, among other things, (1) breach of contract, (2) tortuous interference with contractual relations, and (3) breach of fiduciary duty**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[3] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses,
      false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,
      embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
      (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[1] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state
      court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: According to proof |
| Other Relief Sought: Declaratory relief | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>**Post Street, LLC** | BANKRUPTCY CASE NO.<br>**11-32255** |

| DISTRICT IN WHICH CASE IS PENDING<br>**Northern District Of California** | DIVISION OFFICE<br>**San Francisco** | NAME OF JUDGE<br>**The Hon. Thomas E. Carlson** |
| --- | --- | --- |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

_/s/ H. Alexander Fisch_

| DATE<br>**July 6, 2011** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**H. Alexander Fisch** |
| --- | --- |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

JEFFREY C. KRAUSE (State Bar No. 94053),
jkrause@stutman.com
H. ALEXANDER FISCH (State Bar No. 223211), and
afisch@stutman.com
MICHAEL S. NEUMEISTER (State Bar No. 274220), Members of
mneumeister@stutman.com
STUTMAN, TREISTER & GLATT, PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:     (310) 228-5600
Telecopy:      (310) 228-5788

[Proposed] Reorganization Counsel for
Debtor and Debtor in Possession

Debtor's Mailing Address:
Post Street LLC
c/o Bend Properties
1920 Main St Suite # 150
Irvine, CA  92614

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 11-32255 |
| POST STREET, LLC, | Chapter 11 |
| Debtor. | Adv. Proc. No. _____ |
| | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1452(a)** |
| | [No hearing required] |

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1452(a)**

Case: 11-03143   Doc# 1   Filed: 07/06/11   Entered: 07/06/11 13:29:05   Page 3 of 23

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1452(a), Federal Rule of Bankruptcy Procedure 9027, and General Order 24 of the United States District Court for the Northern District of California, Post Street, LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby removes all claims and causes of action asserted in the complaint ("Complaint") initiating the civil action titled *Festival Retail Fund 1 228 Post Street, L.P., et al. v. Eurohypo AG, New York Branch, et al.*, pending before the Superior Court of the State of California, County of San Francisco as case number CGC-11-510748 (the "Litigation"), to the United States Bankruptcy Court for the Northern District of California, San Francisco Division (this "Court").  A copy of the Complaint is attached hereto as Exhibit A.  In support of removal, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Litigation is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1334.  Indeed, as discussed below, this Court has exclusive jurisdiction over the Litigation under 28 U.S.C. § 1334(e)(1).

2.      Venue of the removed action is proper in this Court under 28 U.S.C. § 1452(a), because this is the district in which the Litigation is pending.

3.      This notice of removal is timely filed under Federal Rule of Bankruptcy Procedure 9027(a)(2).

4.      As required by Federal Rule of Bankruptcy Procedure 9027(a)(1), an appendix compiling all process and pleadings from the Litigation, along with a copy of the docket in the Litigation, is being filed concurrently herewith.

## BACKGROUND

5.      On June 15, 2011, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code.  The Debtor has remained in possession of its property and continues to manage its financial affairs as a debtor in possession under 11 U.S.C §§ 1107 and 1108.  No official committee of unsecured creditors has been appointed in the above-captioned chapter 11 case.

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1452(a)**

Case: 11-03143   Doc# 1   Filed: 07/06/11   Entered: 07/06/11 13:29:05   Page 4 of 23

2

## GROUNDS FOR REMOVAL

6.      The Debtor initiated the Litigation by filing the Complaint on May 5, 2011. The Debtor contends, among other things, that the defendant Eurohypo AG ("Eurohypo") purported to assign all of its rights under a loan to defendant Post Investors LLC ("PIL") in violation of the parties' loan agreement (the "Loan Agreement"), which mandates that (a) any assignee of the Loan Agreement must be an "Eligible Assignee," meaning a national or international bank or life insurance company with at least a billion dollars in assets and $250 million in net worth; and (b) that the Debtor and co-plaintiff Festival Retail Fund 1 228 Post Street, LP must consent to the assignment. The Debtor further contends that Eurohypo and PIL violated the terms of the Loan Agreement by failing to adhere to provisions of the Loan Agreement which required, among other things, an assignment of the loan to use a specified form of assignment which obligated the assignee to assume the obligations of the lender. The Debtor contends that the defendants failed to comply with these provisions of the Loan Agreement and that the assignment is void. Eurohypo thus remains the lender, and its wrongful attempt to assign the loan is a material breach of its obligations under the Loan Agreement. Both defendants have seized rents and common area maintenance fees paid by tenants and have refused to pay such fees on the tenants' behalf. Additionally, PIL has refused to acknowledge Eurohypo's approval of a valuable lease obtained by the Debtor, and has refused to provide a subordination and non-disturbance agreement in favor of the lessee under such lease. Based in part on the foregoing, the Debtor has asserted claims against the defendants in the Complaint, including (1) breach of contract, (2) tortuous interference with contractual relations, and (3) breach of fiduciary duty.

7.      Each cause of action and the damages sought by Debtor may directly or indirectly impact the property of the Debtor's bankruptcy estate as defined in section 541(a) of the Bankruptcy Code, over which this Court has exclusive jurisdiction. *See* 28 U.S.C. § 1334(e)(1). Additionally, the Debtor's claims will result in a determination of the identity of the Debtor's secured creditor, and may impact the amount of such creditor's claim. This matter therefore falls squarely within federal bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334,

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1452(a)**

552586v.1

because it arises in, arises under, or relates to, a proceeding under title 11 of the United States Code. *See id.* § 1334(b).

        8.     Additionally, because the Litigation implicates substantive rights created by the Bankruptcy Code, matters concerning the administration of the estate, and the allowance or disallowance of claims against the estate, and will affect the adjustment of the Debtor's relationship with its creditors, the Litigation is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (B) and/or (O).

        9.     Based on the foregoing, this case is properly removed.

Dated:  July 6, 2011                  STUTMAN, TREISTER & GLATT
                                      PROFESSIONAL CORPORATION

                                      */s/ H. Alexander Fisch*
                                      JEFFREY C. KRAUSE,
                                      H. ALEXANDER FISCH, and
                                      MICHAEL S. NEUMEISTER
                                      [Proposed] Reorganization Counsel for Debtor
                                      and Debtor in Possession

1
2
3
4
5
6
7
8
9
10
11
12
13
14
# EXHIBIT A
16
17
18
19
20
21
22
23
24
25
26
27
28

5

552586v.1

## **EXHIBIT A**

2

3

**Complaint for Injunctive Relief to Enjoin: (1) Foreclosure Sale Due to Unlawful Assignment of Loan (2) Diversion of Assets; and (3) Disclosure of Confidential Information; Breach of Contract; Breach of Fiduciary Duty; Interference with Contractual Relations; Imposition of Constructive Trust; and Declaratory Relief**

552586v.1

1    LURIE, ZEPEDA, SCHMALZ & HOGAN
     A Professional Corporation
2    BRUCE J. LURIE, State Bar No. 51033
     ANDREW W. ZEPEDA, State Bar No. 106509
3    LAWRENCE J. IMEL, State Bar No. 223851
     9107 Wilshire Boulevard, Suite 800
4    Beverly Hills, California 90210-5533
     PH: (310) 274-8700   FAX: (310) 274-2798

5

6    BRENDAN F. MACAULAY, State Bar No. 162313
     NOSSAMAN, LLP
7    50 California Street, 34th Floor
     San Francisco, California 94111
     PH: (415) 398-3600   FAX: (415) 398-2438

8

9    Attorneys for Plaintiffs Post Street, LLC and
     Festival Retail Fund 1 228 Post Street, LP

10

11          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12     FOR THE COUNTY OF SAN FRANCISCO / CIVIC CENTER COURTHOUSE

13

14    FESTIVAL RETAIL FUND 1 228 POST     Case No.: **CGC-11-510740**
     STREET, LP, a Delaware limited partnership;
15    and POST STREET, LLC, a Delaware limited    COMPLAINT FOR:
     liability company,
16                         **INJUNCTIVE RELIEF TO ENJOIN: (1)**
          Plaintiffs,           **FORECLOSURE SALE DUE TO**
17                         **UNLAWFUL ASSIGNMENT OF LOAN;**
         vs.              **(2) DIVERSION OF ASSETS; AND (3)**
18                         **DISCLOSURE OF CONFIDENTIAL**
     EUROHYPO AG, a German stock corporation     **INFORMATION;**
19    aka EUROHYPO AG, NEW YORK BRANCH;
     POST INVESTORS LLC, a Delaware limited      **BREACH OF CONTRACT;**
20    liability company; SQUARE MILE CAPITAL
     MANAGEMENT LLC, a Delaware limited      **BREACH OF FIDUCIARY DUTY;**
21    liability company; FIRST AMERICAN TITLE
     INSURANCE COMPANY, a California        **INTERFERENCE WITH CONTRACTUAL**
22    corporation; and DOES 1 through 110, inclusive,   **RELATIONS;**
                                               **IMPOSITION OF CONSTRUCTIVE**
23           Defendants.          **TRUST; AND**

24                                              **DECLARATORY RELIEF**

25

26                                              **DEMAND FOR JURY TRIAL**

27

28

{228PEH/CIVIL/PLEAD/00020803.DOC}         1
**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

ENDORSED
F I L E D
San Francisco County Superior Court

MAY - 5 2011

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA _____
                Deputy Clerk

Case: 11-03143    Doc# 1    Filed: 07/06/11    Entered: 07/06/11 13:29:05    Page 9 of 23

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

Plaintiffs Festival Retail Fund 1 228 Post Street, LP, and Post Street, LLC, (collectively "Plaintiffs" or "Owners") allege as follows:

**THE PARTIES**

1.     At all times mentioned in this Complaint, Plaintiff Festival Retail Fund 1 228 Post Street, LP ("Festival"), was a limited partnership organized and existing under the laws of the State of Delaware and was qualified to do business in the State of California.

2.     At all times mentioned in this Complaint, Plaintiff Post Street, LLC ("Post Street"), was a limited liability company organized and existing under the laws of the State of Delaware and was qualified to do business in the State of California.

3.     Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, Defendant Eurohypo AG was a German stock corporation also known as Eurohypo AG, New York Branch ("Eurohypo"), doing business in the State of New York and in the State of California, County of San Francisco.

4.     Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, Defendant Post Investors LLC (the "Unlawful Assignee") was a limited liability company organized and existing under the laws of the State of Delaware which was doing business in the State of California, County of San Francisco.

5.     Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, Defendant Square Mile Capital Management LLC ("Square Mile") was, on information and belief, a limited liability company organized and existing under the laws of the State of Delaware and which was doing business in the State of California, County of San Francisco.

6.     Plaintiffs are informed and believe and thereon allege that at all times mentioned in this Complaint, Defendant First American Title Insurance Company ("First American") was a corporation organized and existing under the laws of the State of California which was doing business in the State of California, County of San Francisco.

7.     Plaintiffs are ignorant of the true names, capacities and identities of Does 1 through 110 inclusive. Plaintiffs will seek leave of court to amend this Complaint to set forth their true names, capacities and identities when ascertained. Plaintiffs allege on information and belief that

{228PEH/CIVIL/PLEAD/00020803.DOC}       2

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143   Doc# 1   Filed: 07/06/11   Entered: 07/06/11 13:29:05   Page 10 of 23

each fictitiously named Defendant who acted or failed to act as alleged in this Complaint, directly and proximately caused the injuries to Plaintiffs alleged in this Cross Complaint, and is thereby responsible for Plaintiffs' injuries.

8. At all times mentioned within this Complaint, each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things alleged within this Complaint, was acting within the scope of that agency and employment.

## GENERAL ALLEGATIONS

9. On or about July 24, 2007, Festival purchased a multi-tenant retail building located at 228-240 Post Street in San Francisco, California (the "Property") in connection with plans to conduct and improve the tenant mix and retail sales on the Property. Also on or about July 24, 2007, Festival entered into a loan agreement (the "Loan Agreement") with Eurohypo, a European real estate bank based in Germany, pursuant to which Eurohypo agreed to loan Festival the principal amount of up to Fifty Nine Million Eight Hundred and Fifty Thousand Dollars ($59,850,000) (the "Loan") secured by (1) a Deed of Trust and Assignment of Rents (the "Deed of Trust") recorded against the Property and (2) specified items of personal property located on the Property .

10. On or about December 21, 2007, Festival entered into a Tenants-in-Common Agreement with Plaintiff Post Street in accordance with the terms of the Loan Agreement whereby Festival conveyed an undivided tenancy-in-common fee interest in the Property to Festival (65.59%) and to Plaintiff Post Street (34.41%). Shortly thereafter, Festival, Post Street and Eurohypo executed a First Amendment to Loan Agreement and Loan Documents pursuant to which Post Street agreed to assume the obligations set forth in the Loan Agreement jointly with Festival.

11. Pursuant to the Loan Agreement, Eurohypo was required to perform, among other things, the following duties and obligations:

(a) In the event that Eurohypo chose to assign the Loan to a third party pursuant to Section 12.24, (i) Eurohypo could only assign the Loan Agreement to an "Eligible Assignee" as that term is defined in Article 1, Section 1.1 (50) of the Loan Agreement which provides as follows

> (i) a commercial bank organized under the Laws of the United States, or any State thereof, and having (x) total assets in excess of $1,000,000,000 and (y)

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 00210-5533

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 600
Beverly Hills, California 90210-5533

a combined capital and surplus of at least $250,000,000; . . . (iii) a life insurance company organized under the Laws of any State of the United States, or organized under the Laws of any country and licensed as a life insurer by any State within the United States and having admitted assets of at least $1,000,000,000; (iv) a nationally recognized investment banking company or other financial institution in the business of making loans, or an Affiliate thereof (other than any Person which is directly or indirectly a Borrower Party or directly or indirectly an Affiliate of any Borrower Party) organized under the Laws of any such State and having (1) total assets of at least $1,000,000,000 and (2) a net worth of at least $250,000,000; (v) an Approved Fund; or (vi) or [sic] a Related Entity of Eurohypo.

and (ii) Eurohypo was required to obtain the consent of the Plaintiffs.

b)      Eurohypo was required to deliver a form Subordination, Nondisturbance and Attornment Agreement ("SNDA") to Plaintiffs for the benefit of any tenant on the Property, at the request of Plaintiffs, within 10 days after such request has been made;

(c)      Eurohypo was required to pay the manager of the Property property management fees in an amount totaling four percent (4%) of the gross revenue from the Property and such property management fees were to be paid from the rent receipts and common area maintenance ("CAM") fees paid by tenants into a depository bank under the control of Eurohypo;

(d)      Eurohypo was required to provide for the payment of all expenses associated with operating the Property ("Property Expenses") from rent receipts and CAM fees paid by the tenants into a depository bank under the control of Eurohypo as provided in the Cash Management Agreement dated July 24, 2007; and

(e)      Eurohypo was required to maintain and preserve the confidentiality of all written information pertaining to the Owners and the Property ("the Confidential Information").

12.      Prior to the August 10, 2010 Maturity Date, Plaintiffs continued their efforts to market and attract new tenants to the Property and to negotiate a lease agreement with Brooks Brothers as the major tenant of the Property pursuant to a letter of intent executed in late 2009 and

{228PEH/CIVIL/PLEAD/00020803.DOC}                4

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143     Doc# 1     Filed: 07/06/11     Entered: 07/06/11 13:29:05     Page 12 of 23

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

1    approved by Eurohypo. After the August 10, 2010 Maturity Date and while Plaintiffs continued

2    negotiating a lease agreement with Brooks Brothers for the majority of the space at the Property,

3    Eurohypo did not take any action to commence foreclosure proceedings against the Property

4    pursuant to the Deed of Trust.

5        13.    However, in or about August 2010, Eurohypo began retaining 100% of the rents and

6    common maintenance area ("CAM") fees which were collected from the tenants on the Property

7    without making any allocation or distributions to Owners for payment or reimbursement of Property

8    Expenses pursuant to the Loan Agreement and Cash Management Agreement. Eurohypo also began

9    to actively search for a purchaser of the Loan.

10       14.    During the course of its efforts to sell the Loan, Plaintiffs are informed and believe,

11   and thereon allege, that Eurohypo through its representatives and employees and/or former

12   representatives and employees divulged Confidential Information pertaining to Plaintiffs and the

13   Property to various third-parties including, but not limited to, property condition reports,

14   environmental analyses for the Property and letters of intent from prospective tenants, all in violation

15   of the Loan Agreement. Eurohypo had not obtained, and never obtained, the consent of Plaintiffs to

16   divulge that Confidential Information to third parties.

17       15.    On or about November 30, 2010 and after years of negotiations, Plaintiffs entered

18   into a valuable 15 year lease agreement with Brooks Brothers. The terms of that lease agreement

19   were within the leasing guidelines specified in the Loan Agreement.

20       16.    On or about December 8, 2010, Plaintiffs received written notice that Eurohypo had

21   purported to sell and assign all of its right, title and interest in the Loan Agreement to the Unlawful

22   Assignee. The Unlawful Assignee is not an "Eligible Assignee" as that term is defined in the Loan

23   Agreement (see paragraph 11 above) and therefore Eurohypo was prohibited from assigning the

24   Loan to the Unlawful Assignee. In further violation of the Loan Agreement, Eurohypo did not

25   obtain Plaintiffs' written or oral consent prior to its purported assignment of the Loan to the

26   Unlawful Assignee. Nor did Eurohypo provide any information respecting the Unlawful Assignee

27   or even represent that the Unlawful Assignee was an "Eligible Assignee" under the Loan

28   Agreement.

{228PEH/CIVIL/PLEAD/00020803.DOC}                    5
**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

17.     On or about December 15, 2010, the Unlawful Assignee caused an instrument entitled "Assignment of the Deed of Trust" to be recorded against the Property.

18.     On or about January 6, 2011, the Unlawful Assignee caused a Notice of Default to be recorded against the Property by the trustee under the Deed of Trust, to wit, Defendant First American Title Insurance Company.

19.     Notwithstanding the fact that the Unlawful Assignee contended it was a valid assignee of the Loan, Unlawful Assignee did not act in compliance with the Loan Agreement and refused to acknowledge that the Brooks Brothers lease had been approved or did not require further approval and also failed and refused to provide an SNDA to Brooks Brothers.  Moreover, although Unlawful Assignee enjoyed the collection of 100% o the rents and CAM fees paid by the tenants to the depository bank under Unlawful Assignee's control as provided in the Cash Management Agreement and the Loan Agreement, Unlawful Assignee did not provide for the payment of the Property Expenses except in trivial sums.

20.     In fact, by letter dated March 31, 2011, the Unlawful Assignee wrongfully conditioned approval of the Brooks Brothers lease agreement and its willingness to provide an SNDA upon Plaintiffs' posting a $4.3 million deposit with the Unlawful Assignee.  The Unlawful Assignee's letter demanding the $4.3 million deposit violated the express provisions of the Loan Agreement since the Brooks Brothers lease agreement did not require approval and because the Loan Agreement obligated the lender to provide an SNDA.

21.     On or about April 8, 2011, Defendant First American Title Insurance Company served Plaintiffs with a Notice of Trustee's Sale of the Property which stated that the Property and all personal property securing the Loan would be sold at a non-judicial foreclosure sale on May 11, 2011, at 2:00 p.m., pursuant to the Deed of Trust.

### FIRST CAUSE OF ACTION

(For Injunctive Relief against all Defendants and Does 1-10)

22.     Plaintiffs re-allege, restate and incorporate by reference their allegations in Paragraphs 1 through 21 above as though set for the verbatim herein.

23.     Eurohypo, the Unlawful Assignee, Square Mile, First American and Doe Defendants

{228PEH/CIVIL/PLEAD/00020803.DOC}                                   6

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143    Doc# 1    Filed: 07/06/11    Entered: 07/06/11 13:29:05    Page 14 of 23

1 through 10 and all persons acting in active concert and participation with them should be enjoined,
restrained, and prohibited from:

        a.     selling the Property at a non-judicial foreclosure on May 11, 2011 or any other date, pursuant to the Notice of Default which the Unlawful Assignee had no right to cause to be recorded against the Property;

        b.     disclosing Confidential Information pertaining to Plaintiffs to any third-parties without Plaintiffs' consent;

        c.     interfering with the tenants holding possession of the Property; and

        d.     allowing the Unlawful Assignee to collect rents and common area maintenance fees from the tenants at the Property and to allow the Unlawful Assignee to determine the disbursement of such funds; and

        e.     performing any other act, or conspiring to perform any other act, whereby the Unlawful Assignee is acting or purporting to act as the Lender under the Loan Agreement.

24.     Plaintiffs will suffer immediate and irreparable injury if Eurohypo, the Unlawful Assignee, Square Mile and First American are not so enjoined. Plaintiffs have no adequate remedy at law and the failure of the court to enjoin the Defendants will tend to render the judgment to be entered in this matter ineffectual. Pecuniary compensation would not afford adequate relief. And even if it could, it would be extremely difficult to ascertain the amount of compensation which would afford Plaintiffs adequate relief. Plaintiffs therefore seek a temporary restraining order, preliminary injunction and permanent injunction enjoining Eurohypo, the Unlawful Assignee, Square Mile and First American from taking any actions set forth above.

### SECOND CAUSE OF ACTION

(For Breach of Contract against Eurohypo and Does 11 through 20)

25.     Plaintiffs re-allege, restate and incorporate by reference its allegations in Paragraphs 1 through 21 above as though set forth verbatim herein.

26.     Eurohypo materially breached its obligations under the express provisions of the Loan Agreement and the covenant of good faith and fair dealing implied therein by, among other things:

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

{228PEH/CIVIL/PLEAD/00020803.DOC}       7

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143   Doc# 1   Filed: 07/06/11   Entered: 07/06/11 13:29:05   Page 15 of 23

a. Purporting to assign the Loan to the Unlawful Assignee because the Unlawful Assignee did not qualify as "Eligible Assignee";

b. Failing and refusing to obtain Plaintiffs' consent prior to purporting to assign the Loan to the Unlawful Assignee;

c. Failing to pay the Property Expenses from the rent receipts or to reimburse Plaintiffs for Property Expenses from the rent receipts;

d. Disclosing Confidential Information pertaining to Plaintiffs to various third-parties including, but not limited to, property condition reports, environmental analyses for the Property and letters of intent from prospective tenants;

e. After wrongfully purporting to assign the Loan to the Unlawful Assignee, Eurohypo has allowed the Unlawful Assignee to cause a Notice of Default to be recorded against the Property and to thereafter proceed towards non-judicial foreclosure of the Property when the Unlawful Assignee lacked any interest in the Loan;

f. After purporting to assign the Loan to the Unlawful Assignee, Eurohypo has failed and refused to cause the Property Expenses to be paid from the rent receipts and has allowed its Unlawful Assignee to fail and refuse to cause the Property Expenses to be paid from rent receipts; and

g. Depriving Plaintiffs of the benefit of their bargain by forbearing from commencing foreclosure proceedings until after Plaintiffs had secured the valuable Brooks Brothers lease on the Property, purporting to sell the Loan for increased value as a result of such lease, and failing and refusing to pay management fees, attorneys' fees and brokers' commissions incurred by Plaintiffs in obtaining such lease.

27. Plaintiffs have performed all their obligations under the Loan Agreement or were excused or prevented from so performing by reason of Eurohypo's material breaches of the Loan Agreement, Eurohypo's tortious acts and omissions, and by reason of the estoppel-creating facts recited above.

28. As a direct and proximate result of Eurohypo's material breaches of the Loan Agreement, Plaintiffs have been damaged in an amount in excess of the jurisdictional minimum of

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

this court. Plaintiff will amend this Complaint when they learn the full extent and amount of the damages they have suffered by reason of Eurohypo's breaches.

### THIRD CAUSE OF ACTION

(For Breach of Contract Against the Unlawful Assignee and Does 21-30)

29. Plaintiffs re-allege, restate and incorporate by reference its allegations in Paragraphs 1 through 21 above as though set forth verbatim herein.

30. Defendants contend that the Unlawful Assignee is a valid assignee of the Loan. Plaintiffs dispute such contention. If, notwithstanding, Defendants' contentions that the Loan was properly assigned are found to be valid, then the Unlawful Assignee has, nonetheless, materially breached obligations under the Loan Agreement and the covenant of good faith and fair dealing implied in the Loan Agreement by, among other things:

a.. Failing and refusing to approve and acknowledge the Brooks Brothers lease agreement which conformed with the leasing guidelines specified in the Loan Agreement;

b. Failing and refusing to execute an SNDA for the benefit of the Brooks Brothers tenant;

c. Failing and refusing to pay attorneys' fees and broker commissions incurred by Plaintiffs in connection with the Brooks Brothers lease;

d. Wrongfully conditioning approval of the Brooks Brothers lease and the provision of an SNDA for the Brooks Brothers lease on the payment of over $4.3 million; and

e. Failing and refusing to pay Property Expenses.

31. Plaintiffs have performed all their obligations under the Loan Agreement or were excused or prevented from so performing by reason of the Unlawful Assignee's material breaches of the Loan Agreement, the Unlawful Assignee's tortious acts and omissions, and by reason of the estoppel-creating facts recited above.

32. As a direct and proximate result of the Unlawful Assignee's material breaches of the Loan Agreement, Plaintiffs have been damaged in an amount in excess of the jurisdictional minimum of this court. Plaintiff will amend this Complaint when they learn the full extent and amount of the damages they have suffered by reason of the Unlawful Assignee's breaches.

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

{228PEH/CIVIL/PLEAD/00020803.DOC}  9

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143    Doc# 1    Filed: 07/06/11    Entered: 07/06/11 13:29:05    Page 17 of 23

## FOURTH CAUSE OF ACTION

(For Breach of Fiduciary Duty against Eurohypo,

the Unlawful Assignee and Does 31-40)

33. Plaintiffs re-allege, restate and incorporate by reference their allegations in Paragraphs 1 through 21 above as though set for the verbatim herein.

34. By virtue of the facts that (a) under the Loan Agreement and the Cash Management Agreement, Defendants Eurohypo and the Unlawful Assignee claim complete dominion and sovereignty over all the revenues from the leases on the Property including all rents and common area maintenance fees, the collection and disbursement of which they completely control; (b) Eurohypo's insistence in the Loan Agreement that Plaintiffs be single purpose entities owning nothing more than the Property and what may be derived from it; and (c) Eurohypo's and the Unlawful Assignee's refusal to permit Plaintiffs or their property manager to exercise any control of the revenues from the leases or any part of them to pay the necessary expenses associated with conducting the leasing and management of the multi-tenant building which comprises the Property, Defendants Eurohypo and the Unlawful Assignee are, notwithstanding any disclaimers to the contrary, *de facto* co-owners of the Property and partners with Plaintiffs.

35. As *de facto* co-owners of the Property and partners, Eurohypo and the Unlawful Assignee owe a fiduciary duty to Plaintiffs with respect to the Property and their exercise of control over the Property and the revenues derived therefrom.

36. Defendants Eurohypo and the Unlawful Assignee have breached their fiduciary duty owed to Plaintiffs by, among other things:

(a) failing and refusing to approve the Brooks Brothers lease and failing and refusing to provide an SNDA for the Brooks Brothers lease;

(b) wrongfully conditioning approval of the Brooks Brothers lease and the provision of an SNDA for the Brooks Brothers lease on the payment of over $4.3 million;

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143   Doc# 1   Filed: 07/06/11   Entered: 07/06/11 13:29:05   Page 18 of 23

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

1        (c) failing and refusing to disburse monies necessary to pay for the management of

2 the Property; and

3        (d) failing and refusing to pay leasing commissions, attorneys' fees, and other

4 expenses associated with the lease to Brooks Brothers.

5      37.    As a direct and proximate result of Eurohypo and the Unlawful Assignee's breaches

6 of their fiduciary duties, Plaintiffs have been damaged in an amount in excess of the jurisdictional

7 minimum of this court. Plaintiff will amend this Complaint when they learn the full extent and

8 amount of the damages they have suffered by reason of Eurohypo and the Unlawful Assignee's

9 breaches.

10      38.    Eurohypo and the Unlawful Assignee should be subjected to exemplary and punitive

11 damages in an amount sufficient to make an example of them by reason of their oppressive,

12 malicious and tortuous acts and omissions.

13               **FIFTH CAUSE OF ACTION**

14         (For Tortious Interference with Contractual Relations

15    Against Eurohypo, the Unlawful Assignee, Square Mile and Does 51 through 60)

16      39.    Plaintiffs re-allege, restate and incorporate by reference their allegations in

17 Paragraphs 1 through 21 above as though set for the verbatim herein.

18      40.    Eurohypo, the Unlawful Assignee and Square Mile and Does 51 through 60 knew or

19 should have known of Plaintiffs' contractual relationship with the tenants on the Property.

20 Notwithstanding those Defendants' knowledge of Plaintiffs' contractual relationships with the

21 tenants, the Defendants have knowingly interfered with Plaintiffs' contractual relationships by,

22 among other things:

23        (a) collecting the rent receipts and common area maintenance fees for the Property

24 and refusing to pay common area maintenance expenses and management fees in violation of the

25 Loan Agreement and Cash Management Agreement; and

26        (b) wrongfully refusing to approve the Brooks Brothers lease agreement and refusing

27 to provide a SNDA to Brooks Brothers and conditioning the same on the payment of $4.3 million

28 while prosecuting a non-judicial foreclosure proceeding against the Property.

{228PEH/CIVIL/PLEAD/00020803.DOC}            11
**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143   Doc# 1   Filed: 07/06/11   Entered: 07/06/11 13:29:05   Page 19 of 23

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

41.     As a direct and proximate result of the Defendants' tortious acts and omissions, Plaintiffs have been damaged in an amount far in excess of the jurisdictional minimum of this court. Plaintiffs will amend this Complaint when they learn the full extent and amount of the damages they have suffered by reason of the Defendants' tortious acts and omissions.

42.     The Defendants should be subjected to exemplary and punitive damages in an amount sufficient to make an example of them by reason of their oppressive, malicious and tortuous acts and omissions.

## SIXTH CAUSE OF ACTION

(For Imposition of Constructive Trust against Unlawful Assignee and Does 81-90)

43.     Plaintiffs re-allege, restate and incorporate by reference their allegations in Paragraphs 1 through 21 above as though set for the verbatim herein.

44.     By virtue of the Unlawful Assignee's breaches of the Loan Agreement and Cash Management Agreement alleged above, the Unlawful Assignee holds title to all rents and common area maintenance fees that it has collected from the tenants on the Property as a constructive trustee for the benefit of Plaintiffs.

45.     Accordingly, Plaintiffs request that the Court enter an order for disgorgement against the Unlawful Assignee requiring the Unlawful Assignee to turnover all rent proceeds and maintenance fees that it has collected from tenants on the Property over to Plaintiffs. Alternatively, Plaintiffs ask that the Court enter an order imposing a constructive trust over all rent proceeds and maintenance fees that Unlawful Assignee has collected from tenants and prevent such monies from being disbursed for any purpose other than for the benefit of the Plaintiffs and the tenants on the Property.

## SEVENTH CAUSE OF ACTION

(For Declaratory Relief against all Defendants and Does 91 through 100)

46.     Plaintiffs re-allege, restate and incorporate by reference their allegations in Paragraphs 1 through 21 above as though set for the verbatim herein.

//

//

{228PEH/CIVIL/PLEAD/00020803.DOC}                    12
**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143    Doc# 1    Filed: 07/06/11    Entered: 07/06/11 13:29:05    Page 20 of 23

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

47.    An actual dispute or controversy has arisen between Plaintiffs and Defendants about their rights, duties, and obligations under the Loan Agreement and Cash Management Agreement. Plaintiffs contend that:

a.    Eurohypo's purported assignment of the Loan is void or voidable because it is not authorized and is forbidden under the Loan Agreement;

b.    The Unlawful Assignee does not qualify as an "Eligible Assignee" under the Loan Agreement;

c.    Eurohypo was obligated under the Loan Agreement to obtain Plaintiffs' consent prior to its purported assignment of the Loan to the Unlawful Assignee;

d.    Plaintiffs did not consent to Eurohypo's purported assignment of the Loan to the Unlawful Assignee;

e.    The Unlawful Assignee had no right to record a Notice of Default against the Property and has no right to proceed with non-judicial foreclosure proceedings against the Property because it has no legal interest in the Loan;

f.    The Notice of Default recorded against the Property by the Unlawful Assignee is invalid because the Unlawful Assignee had no authority to cause the Notice of Default to be recorded in the first instance since it has no legal interest in the Loan;

g.    Since Eurohypo's purported assignment of the Loan is void or voidable, Eurohypo is responsible for all continuing obligations under the Deed of Trust and is not released from such obligations.

h.    Eurohypo was obligated under the Loan Agreement to cause the Property Expenses to be paid from the rent revenues;

i.    Eurohypo was obligated to pay property management fees from the rent revenues;

j.    Eurohypo was obligated to maintain and preserve information pertaining to Plaintiffs in confidence and to avoid disclosing such confidential information to any third-parties; and

k.    The Brooks Brothers lease agreement did not need the lender's approval or, if

{228PEH/CIVIL/PLEAD/00020803.DOC}                    13

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143    Doc# 1    Filed: 07/06/11    Entered: 07/06/11 13:29:05    Page 21 of 23

1  it did, that approval could not be unreasonably withheld.

2      48.    Plaintiffs are informed and believe and thereon allege that Defendants dispute

3  Plaintiffs' contentions.

4      49.    Plaintiffs seek a prompt judicial determination and declaration of the parties' rights,

5  duties, and obligations under the Loan Agreement and specifically request a declaration consistent

6  with Plaintiffs' contentions as set forth above. Without a prompt judicial determination, Plaintiffs

7  will suffer significant damages not readily measurable and will face irreparable harm.

8  **WHEREFORE,** Plaintiffs pray for the following relief:

9          **ON THE FIRST CAUSE OF ACTION**

10    1.    for a temporary restraining order enjoining and restraining Eurohypo, the Unlawful

11        Assignee, Square Mile, First American and Does 1 through 10, as specified above;

12    2.    for a preliminary injunction enjoining and restraining Eurohypo, the Unlawful

13        Assignee, Square Mile, First American and Does 1 through 10, as specified above;

14        and

15    3.    for a permanent injunction enjoining and restraining Eurohypo, the Unlawful

16        Assignee, Square Mile, First American and Does 1 through 10, as specified above.

17      **ON THE SECOND CAUSE OF ACTION**

18    1.    General and consequential damages in an amount to be proven at trial; and

19    2.    Prejudgment interest according to law;

20      **ON THE THIRD CAUSE OF ACTION**

21    1.    General and consequential damages in an amount to proven at trial; and

22    2.    Prejudgment interest according to law;

23      **ON THE FOURTH CAUSE OF ACTION**

24    1.    General and consequential damages in an amount to be proven at trial; and

25    2.    Punitive damages in an amount sufficient to make an example of Defendants;

26      **ON THE FIFTH CAUSE OF ACTION**

27    1.    General and consequential damages in an amount to be proven at trial; and

28    2.    Punitive damages in an amount sufficient to make an example of Defendants;

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

{228PEH/CIVIL/PLEAD/00020803.DOC}        14

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

20

## ON THE SIXTH CAUSE OF ACTION

1. For an order declaring that the Unlawful Assignee holds title to all rents and common area maintenance fees that it has collected from the tenants on the Property as a constructive trustee for the benefit of Plaintiffs;

2. For an order compelling the Unlawful Assignee to convey all rents and common area maintenance fees that it has collected from the tenants on the Property to Plaintiffs; or

3. Alternatively, for an order for disgorgement against the Unlawful Assignee which requires the Unlawful Assignee to turnover all rent proceeds and maintenance fees that it has collected from tenants on the Property over to Plaintiffs;

## ON THE SEVENTH CAUSE OF ACTION

1. For a declaration of the parties' respective rights, duties and obligations under and regarding the Promissory Note and Loan Agreement; and

2. For a declaration consistent with Plaintiffs' contentions.

## ON ALL CAUSES OF ACTION

1. prevailing party attorney's fees;

2. costs of suit; and

3. any other relief the Court deems just and proper.

DATED: May 5, 2011

NOSSAMAN LLP
BRENDAN F. MACAULAY

By: _____
Brendan F. Macaulay
Attorneys for Plaintiffs Post Street, LLC and
Festival Retail Fund 1 228 Post Street, LP

LURIE, ZEPEDA, SCHMALZ & HOGAN
9107 Wilshire Boulevard, Suite 800
Beverly Hills, California 90210-5533

{228PEH/CIVIL/PLEAD/00020803.DOC}

15

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF TO ENJOIN FORECLOSURE, ETC.**

Case: 11-03143    Doc# 1    Filed: 07/06/11    Entered: 07/06/11 13:29:05    Page 23 of 23