Dennis D. Miller (SBN 138669)
Jonathan E. Sommer (SBN 209179)
Sean T. Strauss (SBN 245811)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@steinlubin.com
jsommer@steinlubin.com
sstrauss@steinlubin.com

Attorneys for Defendants
SQUARE MILE CAPITAL MANAGEMENT LLC
AND POST INVESTORS LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>POST STREET, LLC,<br><br>　　　　Debtor. | Case No. 11-32255-TEC<br><br>Chapter 11 |
| FESTIVAL RETAIL FUND 1 228 POST STREET, LLP, POST STREET, LLC<br><br>　　　　Plaintiff,<br><br>v.<br><br>EUROHYPO AG aka EUROHYP AG, NEW YORK BRANCH; POST INVESTORS, LLC; SQUARE MILE CAPITAL MANAGEMENT LLC; FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>　　　　Defendants. | Adversary Proceeding Case No. 11-03143<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS SQUARE MILE CAPITAL MANAGEMENT LLC'S AND POST INVESTORS LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**Hearing:**<br>Date: September 2, 2011<br>Time: 10:00 a.m.<br>Dept.: Courtroom 23, 23rd Floor |

Defendants Post Investors LLC ("Post Investors") and Square Mile Capital Management LLC ("Square Mile," together with Post Investors, the "Square Mile Defendants") respectfully submit this request for judicial notice pursuant to Federal Rule of Evidence 201 of the documents listed below in support of their Motion to Dismiss the Complaint of plaintiffs Post Street, LLC ("Post Street") and Festival Retail Fund I 228 Post Street, LP ("Festival," together with Post Street, "Plaintiffs"). The Square Mile Defendants request that the Court take judicial notice of the following documents:

1. The July 24, 2007 Loan Agreement between Festival as Borrower, the Lender Parties and Eurohypo AG, New York Branch ("Eurohypo") as Administrative Agent (the "Loan Agreement"), a copy of which is attached as Exhibit A to the Declaration of Sean T. Strauss in Support of the Square Mile Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Strauss Decl."), filed herewith. Judicial notice of this document is proper as the Loan Agreement provides the foundation of Plaintiffs' claims and is incorporated by reference into Plaintiffs' Complaint. *See* Complaint ¶¶ 9, 11; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"); *Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged).

2. The July 24, 2007 Deed of Trust, Assignment of Leases and Rents Security Agreement and Fixture Filing made by Festival to Chicago Title Company – Los Angeles as Trustee for the benefit of Eurohypo (the "Deed of Trust"), a copy of which is attached as Exhibit B to the Strauss Decl. Judicial notice of this document is proper as the Loan Agreement provides the foundation of Plaintiffs' claims and is incorporated by reference into Plaintiffs' Complaint. See Complaint ¶¶ 9; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated

into the complaint by reference"); *Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged).

3. The Notice of Default and Election to Sell Under Deed of Trust, Recording Requested by First American Title Insurance Company, recorded on January 6, 2011 (the "Notice of Default"), a copy of which is attached as Exhibit C to the Strauss Decl. Judicial notice of this document is proper as the Notice of Default provides the foundation of Plaintiffs' claims, is incorporated by reference into Plaintiffs' Complaint, and has been recorded with the San Francisco County Registrar-Recorder. *See* Complaint ¶ 18; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"); *Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1112 (N.D. Cal. 2009) (taking judicial notice of foreclosure and other documents recorded in the county's official records).

4. The Notice of Trustee's Sale (Unified Sale) recorded by First American Title Insurance Company on April 11, 2011 (the "Notice of Trustee's Sale"), a copy of which is attached as Exhibit D to the Strauss Decl. Judicial notice of this document is proper as the Notice of Trustee's Sale provides the foundation of Plaintiffs' claims, is incorporated by reference into Plaintiffs' Complaint, has been recorded with the San Francisco County Registrar-Recorder. *See* Complaint ¶ 21; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"); *Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged); *Rosal v.*

68850003/441141v1     2     Adversary Proceeding No. 11-03143-TEC
REQUEST FOR JUDICIAL NOTICE I/S/O MOTION TO DISMISS
Case: 11-03143    Doc# 14    Filed: 08/03/11    Entered: 08/03/11 14:08:54    Page 3 of 6

*First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1112 (N.D. Cal. 2009) (taking judicial notice of foreclosure and other documents recorded in the county's official records).

5.      The Amended and Restated Cash Management and Security Agreement, dated as of December 21, 2007, among Festival, Post Street, Eurohypo, Lasalle Bank, N.A. as Depository Bank and Festival Management Corporation as Manager (the "Cash Management Agreement"), a copy of which is attached as Exhibit E to the Strauss Decl.  Judicial notice of this document is proper as the Cash Management Agreement provides the foundation of Plaintiffs' claims and is incorporated by reference into Plaintiffs' Complaint. *See* Complaint ¶¶ 13, 40(a); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"); *Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged).

6.      The July 24, 2007 Assignment of Leases and Rents from Festival to Eurohypo recorded with the San Francisco Assessor-Recorder on July 26, 2007 (the "Assignment of Leases and Rents"), a copy of which is attached as Exhibit F to the Strauss Decl.  Judicial notice of this document is proper as the Assignment of Leases and Rents provides the foundation of Plaintiffs' claims, is recorded with the San Francisco Assessor's Office and is related to the Loan Agreement and Deed of Trust. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"); *Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibit to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1112 (N.D. Cal. 2009) (taking judicial notice of foreclosure and other documents recorded in the county's official records).

1        7.     Plaintiffs' June 1, 2011 Memorandum of Points and Authorities in Reply to the Square Mile Defendants' Opposition to Plaintiffs' Application for a Preliminary Injunction, a copy of which is attached as Exhibit G to the Strauss Decl. Judicial notice of this document is proper as the Court may take judicial notice of court records and Plaintiffs' statements made therein constitute judicial admissions. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, taking notice of a motion to dismiss and supporting memorandum from a separate action); *Jardine v. Maryland Cas. Co.*, No. 10–3335 SC, 2011 WL 1585065, at *1 n.1 (N.D. Cal. Apr. 27, 2011) (same).

       8.     Plaintiffs' June 1, 2011 Memorandum of Points and Authorities in Reply to Defendant Eurohypo's Opposition to Plaintiffs' Application for Preliminary Injunction, a copy of which is attached as Exhibit H to the Strauss Decl. Judicial notice of this document is proper as the Court may take judicial notice of court records and Plaintiffs' statements made therein constitute judicial admissions.. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, taking notice of a motion to dismiss and supporting memorandum from a separate action); *Jardine v. Maryland Cas. Co.*, No. 10–3335 SC, 2011 WL 1585065, at *1 n.1 (N.D. Cal. Apr. 27, 2011) (same).

       9.     The June 7, 2011 San Francisco Superior Court Order Denying Plaintiffs' Application for a Preliminary Injunction, a copy of which is attached as Exhibit I to the Strauss Decl. Judicial notice of this document is proper because it is a court order from an earlier related proceeding. *See Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n. 1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders in earlier related proceeding).

      10.     The June 14, 2011 First District Court of Appeal's June 14, 2011 Order denying Plaintiffs' petition for a writ of supersedeas and request for an emergency stay to foreclosure, a copy of which is attached as Exhibit J to the Strauss Decl. Judicial notice of this document is proper because it is a court order from an earlier related proceeding. *See Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n. 1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders in earlier related proceeding).

68850003/441141v1     4     Adversary Proceeding No. 11-03143-TEC
REQUEST FOR JUDICIAL NOTICE I/S/O MOTION TO DISMISS
Case: 11-03143   Doc# 14   Filed: 08/03/11   Entered: 08/03/11 14:08:54   Page 5 of 6

11. Plaintiffs' July 6, 2011 Abandonment of Appeal, a copy of which is attached as Exhibit K to the Strauss Decl. Judicial notice of this document is proper as the Court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, taking notice of a motion to dismiss and supporting memorandum from a separate action); *Jardine v. Maryland Cas. Co.*, No. 10–3335 SC, 2011 WL 1585065, at *1 n.1 (N.D. Cal. Apr. 27, 2011) (same).

Dated: August 3, 2011  STEIN & LUBIN LLP

By: /s/ Sean T. Strauss
SEAN T. STRAUSS
Attorneys for Defendants
SQUARE MILE CAPITAL MANAGEMENT LLC
and POST INVESTORS, LLC